IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-50128 |
| | § | |
| BENTLEY ENERGY CORPORATION | § | |
| | § | Joint Administration Requested |
| Debtor-in-Possession | § | |
| | § | |
| SONTERRA ENERGY CORPORATION | § | CASE NO. 10-50129 |
| | § | |
| Debtor-in-Possession | § | CHAPTER 11 CASES |

**EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. SECTIONS 105, 361, 362, 363 AND 507 AND FEDERAL RULES Of BANKRUPTCY PROCEDURE 2002, 4001 AND 9014(I) AUTHORIZING USE OF CASH COLLATERAL;(II) GRANTING SECURITY INTERESTS AND SUPERPRIORITY CLAIMS AND GRANTING OTHER ADEQUATE PROTECTION;(III) MODIFYING THE AUTOMATIC STAY; AND (IV) SCHEDULING A FINAL HEARING ON THE MOTION**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Debtors-in-Possession (the "Debtors") files this *Emergency Motion for Interim and Final Orders Pursuant to 11 US. C. Sections 105, 361, 362, 363, and 507 and Federal Rules of Bankruptcy Procedure 2002, 4001 and 9014 (1) Authorizing the Debtor's Use of Cash Collateral; (II) Granting Security Interests and Superpriority Claims and Granting Adequate Protection; (III) Scheduling a Final Hearing on the Motion* (the "Motion") and in support of this Motion, the Debtors respectfully represent as follows:

I.

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.

## PROCEDURAL BACKGROUND

2.  On January 7, 2010 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

3.  The Debtors continue to manage and operate their businesses as debtors--in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No creditors' committee has been appointed in this case by the United States Trustee. Further, no trustee or examiner has been requested or appointed.

4.  The statutory predicates for the relief requested herein are sections 105, 361, 362, 363 and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 4001, and 9014 of the Federal Rules of Bankruptcy Procedure.

5.  A motion requesting the joint administration of the Debtors' estates is pending before this Court.

## III.

## FACTUAL BACKGROUND

**A. Pre-Petition Loans and Liens.**

1.  Prior to the Petition Date, Western National Bank ("Western") made certain loans and other financial accommodations available to the Debtors (or, the "Borrower").

2.  Western is currently owed approximately $6.6 million (not including interest).

3.  Western has declared a default and has demanded payment.

4.  The Debtors represent, stipulate, acknowledge, and agree that as of the Petition Date, the Debtors were indebted to the Pre-Petition Lender.

5. The Debtors stipulate and acknowledge that the Pre-petition Indebtedness is collateralized by security interests in real property, equipment, including titled vehicles, inventory, and receivables.

6. Much of the income of the Debtors, whatever the source, represents liquidation of pre-petition collateral (inventory). Cash on hand is subject to the lien of the secured creditor.

7. The Debtors presently know of no defect in the pre-petition lien.

**B. Need for Use of Cash Collateral and Agreement of Pre-petition Lenders**

1. An immediate and critical need exists for the Debtors to be permitted access to funds in order to prevent a disaster. Use of cash collateral to purchase propane and deliver it is vital to avoid immediate and irreparable harm to the Debtors' estates and the customers. The weather in the Debtors' service area is predicted to drop below freezing for the next few days. Absent cash, the Debtors will not have funds sufficient to satisfy obligations to customers. Allowing the use of such cash collateral, therefore, is in the best interest of the Debtors' estates and will serve to preserve the value of the estates. Good cause exists for the entry of an Interim Order authorizing Debtor's use of the Cash Collateral (as that term is defined at 11 U.S.C. § 363).

2. Pursuant to the Bankruptcy Code and in light of the foregoing, the Debtors will provide adequate protection to the Pre-petition Lender in respect of the Debtors' use of cash and other collateral. The uses contemplated are set out in the Budget attached to this Motion as Exhibit "A". The use of proceeds of sales of gas is necessary to by new gas and pay delivery expenses.

4. During the next 10 or so days, the Debtors will receive proceeds of close to $1.2 million of customer gas payments. From that amount, the Debtors propose to pay the expenses and other obligations set out in the attached budget. See Exhibit "A".

5. Bankruptcy Code section 363(c)(2) provides that the Debtor may not use, sell, or lease cash collateral unless "(a) each entity that has an interest in such cash collateral consents; or (b) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). Bankruptcy Code section 363(e) provides that upon request of an entity that has an interest in property to be used by a debtor, the Court shall prohibit or condition such use as necessary to provide "adequate protection" of such interest. Western is over secured, and its debt is collateralized by real estate and personal property assets worth well in excess of $8.0 million at current market values.

6. In this case, the adequate protection proposed by the Debtors includes (1) a replacement lien on all assets and proceeds of which would be subject to the liens on the creditor but for the operation of the Bankruptcy Code. An administrative priority in other assets will be granted to further ensure adequate protection.

7. The courts in the Western District of Texas have previously granted the relief requested by the Debtor under section 363 in other cases with and without consent of parties in the -position of the Pre-petition Lenders. See *In re Spectrum Jungle Labs Corp.*, Case No. 09-50455rbk (Bankr. W.D. Tex (San Antonio) March 5, 2009) (Docket No. 229); *In re Physicians Specialty of El Paso East, L.P.*, Case No. 07-30633-lmc (Bankr. W.D. Tex. (El Paso) Oct, 24, 2007) (Docket No, 238), *In re Lothian Oil Inc.*, Case No. 07-70121-rbk (Bankr. W.D. Tex (Midland) July 17, 2007) (Docket No. 176), *In re Gourmet Express, LLC*,

Case No. 07- 52143rbk (Bankr. W.D. Tex, (San Antonio) August 30, 2007) (Docket No. 41).

C. **Approval of Adequate Protection**

1.　To the extent that the primary collateral of Western is depreciating equipment, Western certainly is entitled to request adequate protection. Debtors believe that creditor is adequately protected by its liens and the replacement liens, together with an administrative priority.

2.　Under Bankruptcy Code section 361, when adequate protection is required under Bankruptcy Code section 363 to protect against any diminution in value of an interest of an entity in property, a debtor may provide additional or replacement liens to the pre-petition secured creditor. 11 U.S.C. § 361(2). The determination of adequate protection is a fact-specific inquiry to be decided on a case-by-case basis, See *MBank Dallas, N.AA v. O'Connor* (*In re O'Connor*), 808 F.2d 1393, 1396-1397 (10th Cir. 1987); *In re Martin*, 761 F.2d 472, 474 (8th Cir. 1985); *Shaw Indus., Inc. v. First Nat'l Bank of Pa.* (*In re Shaw Indus.*), 300 B.R. 861, 865 (Bankr. W.D. Pa. 2003). Adequate protection can be provided in a number of ways (*see e.g.*, 11 U.S.C. § 361), with the focus being to protect a secured creditor from diminution in the value of its interest in the collateral during the period of use. *See In re 495 Cent. Park Ave. Corp.*, 136 B.R. 626, 631 (Bankr. S.D.N.Y. 1992)(purpose of adequate protection is "to safeguard the secured creditor from diminution in the value of its interest" during the Chapter 11 reorganization); *In re Kaira*, 86 B.R. 506, 513 (Bankr. W.D. Mich 1988).

3.　As the Lender is fully secured, and has an equity cushion, and as the Debtors use of cash collateral is not likely to result in a significant diminution in the value of the Pre-

Petition Collateral and the replacement collateral created by the replacement lien, the Pre-Petition Lender is adequately protected.

4. The granting of adequate protection of this type under section 361 has previously been approved by courts in the Western District of Texas in similar cases. *See In re Spectrum Jungle Labs Corp.*, Case No. 09-50455-rbk (Banks. W.D, Tex (San Antonio) March 5, 2009) (Docket No. 229); *In re Physicians Specialty of El Paso East, L.P,*, Case No. 07-30633-lmc (Bankr. W.D. Tex. (El Paso) Oct. 24, 2007) (Docket No. 238).

## IV.

## NOTICE

### A. Notice of Motion

Notice With Respect to Interim Cash Collateral Notice of this, Motion has been given by e-mail, facsimile or overnight delivery to the following parties, or in lieu thereof, to their counsel: (i) the Pre-Petition Lender's counsel; (ii) office of the United States Trustee for the Western District of Texas; (iii) the holders of the twenty (20) largest unsecured claims against each Debtor; and (iv) the Internal Revenue Service. The Debtors submit that under the circumstances, no further notice of the hearing on the interim financing is necessary and request that any further notice be dispensed with and waived.

### B. Notice With Respect to Final Cash Collateral Hearing

The Debtor respectfully requests that the Court set a final hearing date (the "Final Hearing") on the Motion for **January 15, 2010 at 2:00 p.m.** (Central Time), at the Hipolito F. Garcia Federal Building and United States Courthouse, Alamo Plaza, 615 E. Houston Street, San Antonio, Texas, and authorize the Debtors to serve a copy of this Motion and any interim order which fixes the time and date for filing objections to this Motion, by first

class mail upon (i) counsel to any official committee of unsecured creditors appointed in these cases; (ii) the Office to the United States Trustee; (iii) all parties who have filed requests for notice under Bankruptcy Rule 2002; (iv) the twenty (20) largest unsecured creditors of each Debtor at their last known addresses; (v) the Pre-Petition Lenders and their counsel; and (vii) all other parties ordered by the Court. The Debtors request that the Court deem such notice of the final hearing to be sufficient notice under Bankruptcy Rule 4001.

## C. Adequate Notice; Notice of Final Hearing

Debtor has given Notice of the Interim Hearing in accordance with Bankruptcy Rules 2002 and 4001 and the local rules of the Court. Under the circumstances, no further notice of the request for relief granted at the Interim Hearing is required. Debtor requests and proposes that Debtor, within two (2) business days of the entry of the Interim Order, serve, by first class mail or electronic mail, a copy of the Interim Order and a notice of the Final Hearing (the "Final, Hearing Notice'"), to all parties set forth in the paragraph above, and that Debtor file a certificate of service regarding same with the Clerk of the Court, and that such evidence shall constitute good and sufficient notice of the Final Hearing.

## D. Objection Deadline

Debtor requests that the Court provide that the Final Hearing Notice state that any party-in-interest objecting to the relief sought at the Final Hearing shall make such objection in writing setting forth with particularity all facts relied upon and all grounds therefore, and shall be filed with the Court on or before January 22, 2010, not later than 1:00 p.m. (Central time) (the "Objection Deadline"), and concurrently served so as to be actually received by counsel for the Debtor, R. Glen Ayers, Jr., Langley & Banack, Inc.,

Suite 900, Trinity Plaza II, 745 Last Mulberry, San Antonio, TX 78212-3166; the Office of the U.S. Trustee, 903 San Jacinto Blvd., Room 230, Austin, Texas 78701, and the counsel for the Pre-Petition Lender, Michael Flume, as counsel for Western, whose address appears on the certificate of service. Debtors request that the Court Order that unless an objecting party (or its counsel) appears at the Final Hearing to assert the basis for such timely filed objection, such objection shall be deemed to have been waived and abandoned by such objecting party.

## **PRAYER**

WHEREFORE, the Debtor respectfully requests that the Court enter an Order (a) authorizing, on an interim basis, the Debtors to use cash collateral , (b) scheduling the Final Hearing on this Motion for approval of the use of cash collateral under the terms agreed to by the Debtors and the Pre-petition Lender pursuant to the proposed Agreed Interim Order; (c) authorizing, on a final basis, the Debtors to use cash collateral under and pursuant to the terms agreed to between the Debtors and the Pre-petition Lender; and (d) for such other and further relief to which the Debtors may be justly entitled.

Dated: January 07, 2010.

Respectfully submitted,

LANGLEY & BANACK, INCORPORATED
745 E. Mulberry, Suite 900
San Antonio, TX 78212
Telephone: (210) 736-6600
Facsimile: (210) 735-6889

By: _____
R. GLEN AYERS, JR.
State Bar No. 01467500

Proposed Attorney for Bentley Energy
Corporation and Sonterra Energy Corporation,
Joint Administration Requested, Debtors-in-
Possession

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been mailed by U.S. First Class Mail to the parties listed on the attached service list on this the ____ day of January, 2010.

_____
R. GLEN AYERS, JR.

# EXHIBIT "A"

| BUDGET | | | EXHIBIT A |
|---|---|---|---|
| | Week Ended 1/16/2010 | Week Ended 1/23/2010 | Week Ended 1/30/2010 |
| **Bentley Energy** | | | |
| *CASH OUTFLOWS:* | | | |
| Insurance-Liabiltiy Capitol City | $ 26,100.00 | $ - | $ - |
| Insurance-Liabiltiy AMC payment | - | - | - |
| Franchise taxes | 13,565.85 | - | - |
| | 39,665.85 | - | - |
| **Bentley Oil and Gas** | | | |
| *CASH OUTFLOWS:* | | | |
| Payroll | 12,326.82 | - | 12,326.82 |
| Insurance - health | - | - | 7,451.40 |
| Franchise taxes | - | - | - |
| Office Telephone - ATT | 272.04 | - | - |
| Mobile Phones - ATT | 442.43 | - | - |
| Centre Plaza | 4,643.00 | - | - |
| Ikon | 329.75 | - | - |
| Neopost | - | 151.91 | - |
| Palmer Tech - Server | 1,324.53 | 594.93 | - |
| Sprint | - | 543.93 | - |
| | 19,338.57 | 1,290.77 | 19,778.22 |
| **Lone Star Propane San Antonio** | | | |
| *CASH OUTFLOWS:* | | | |
| Propane estimated may need more | 100,000.00 | - | - |
| Payroll | 22,442.29 | - | 22,442.29 |
| Office Telephone - ATT | 951.07 | - | 900.74 |
| Century Tel | 48.55 | - | 48.55 |
| City of Seguin | 198.61 | - | 351.97 |
| DCP | - | - | - |
| Enterprise | - | - | - |
| E.O. & I.E. Sharp Family Partnership LTD | 1,100.00 | - | 1,100.00 |
| Eric Orme | 250.00 | - | 250.00 |
| Gas Equipment | - | - | - |
| GVEC | - | - | 132.10 |
| K-Marketing | - | - | - |
| Lane McDuff | 1,294.35 | - | - |
| Luckey Feed Lot | 150.00 | - | 150.00 |
| Marshall | 300.00 | - | - |
| Marshall Propane | - | - | - |
| Tavie Murphy Tax office | - | - | 266.55 |
| Santex | 2,013.35 | - | 2,013.35 |
| Sprint - Mobile | 1,067.67 | - | - |
| Transunion | - | - | - |
| Trimble Navigation | 106.28 | - | 106.28 |
| Valero | 5,000.00 | - | 5,000.00 |

| BUDGET | | | | EXHIBIT A |
|---|---|---|---|---|
| | | Week Ended 1/16/2010 | Week Ended 1/23/2010 | Week Ended 1/30/2010 |
| | Waste Mgt | - | - | - |
| | Sales Tax | - | 500.00 | - |
| | Repairs | - | - | - |
| | | 134,922.17 | 500.00 | 32,761.83 |
| Sonterra Energy | | | | |
| Ctitical Due of overdue next 10 days (as of 1/7/10) | | | | |
| Due Date | Vendor | | | |
| | Valero | 2,067.93 | - | - |
| | Pedernales | 294.40 | - | - |
| | JCF | 338.72 | - | - |
| | Sprint | 673.88 | - | - |
| | At&t Long Dist | 31.00 | - | - |
| | At&t | 456.35 | - | - |
| | Time Warner | 168.96 | - | - |
| | Verizon | 75.50 | - | - |
| | At&t | 65.67 | - | - |
| | Payroll | 7,078.86 | - | 7,078.86 |
| | Propane estimated may need more | 268,800.00 | - | - |
| | Rent-San Antonio | 1,698.00 | - | - |
| | Rent Drippin Springs | 750.00 | - | - |
| | | 282,499.27 | - | 7,078.86 |
| | | | | |
| Lone Star | Next 10-15 days | | | |
| CASH OUTFLOWS: | | | | |
| | Direct Energy | 663.42 | - | - |
| | A T & T | 519.15 | - | - |
| | ADT SECURITY SERVICES | 101.97 | - | - |
| | Brownsville Communication Service | 219.86 | - | - |
| | Argus Security Systems | 95.09 | - | - |
| | Pitney Bowes Global Financial | 50.72 | - | - |
| | SPRINT | 2,161.00 | - | - |
| | Valero Marketing & Supply Co. | 10,520.48 | - | - |
| | Payroll | 22,670.72 | - | 22,670.72 |
| | Propane estimated may need more | 100,000.00 | - | - |
| | | 137,002.41 | - | 22,670.72 |
| | | | | |
| | TOTAL | $ 613,428.27 | $ 1,790.77 | $ 82,289.63 |